Otis v. Adams.

---

JOHN OTIS *versus* SETH ADAMS, *Adm'r of* JAMES' ADAMS.

In an action by a partner as indorsee of notes given to another partner, upon a sale by such other partner to the maker, of partnership property, the plaintiff stands in no better position to resist a claim of set-off, than the payee of the note himself would, if the action had been brought in his name.

A defendant living out of the State, upon whom service is made, after the entry of the action in Court, may seasonably file his claim in set-off on the first day of the term next succeeding the service.

A. purchased a lot of demands of B. and gave his notes therefor, with an agreement on his part to use all proper exertions to collect them without cost to B.; A. being at liberty to return the demands, with an account at the end of two years to B., who was to repay to A. the balance of purchase money not collected: — *Held*, that the recovery of such balance by A. did not depend upon his using proper exertions in collecting the demands; *Held*

Otis *v.* Adams.

also, that in such a transaction, there was a personal trust reposed in A., which could not be executed after his death by his representative.

Whether this contract was in violation of R. S., c. 158, § 16, *quære*.

The contract being regarded as subsisting, and the defendant having in the action on the notes filed in set-off, the claim for the uncollected balance, no obstacle is perceived to exist to its allowance.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding. ASSUMPSIT.

The suit was commenced August 10, 1852. Service was made on the administrator residing in Massachusetts, Jan. 4, 1853, who appeared at the next term and pleaded in set-off the claim hereafter named. The suit is upon two promissory notes for $63,41 each, made by the intestate Oct. 30, 1847, and payable to Argalis Pease or order, one in twelve and the other in eighteen months from date, with interest, and they were indorsed by said Pease. The notes appear to have been given as stated in the contract below.

The plaintiff and said Pease were co-partners in the business with which the agreement and notes were connected, at the time the notes were given, and have since continued to be.

If upon these facts the action is not maintainable the plaintiff is to be nonsuit. Otherwise the defendant is to be defaulted; unless it be competent for the defendant to prove that all proper exertions in collecting the demands sold, were used by said James Adams up to the time of his decease, August, 1848, and, after his appointment, by the defendant; that the amount agreed to be paid by Adams has not been collected out of the demands; that at the end of two years from Oct. 30, 1847, the defendant offered to return to said Pease, the uncollected demands, (notes and executions,) with an exact account of the money before then received; that they were produced in Court, ever have been and are still ready to be delivered to said Pease or to the plaintiff, and unless such proof would constitute a defence in whole or in part. In which event the case is to stand for trial.

The defendant, on the first day of the second term of said Court, filed in set-off the following claims, demands and agreements, viz. : —

" The plaintiff is indebted to the defendant in the sum of two hundred dollars, for the labor and services and moneys laid out and expended by James Adams, Esq., in and about the business of the plaintiff, and at plaintiff's request.

" The above amount is due from the plaintiff to the defendant as administrator of the goods and estate of James Adams, Esq.

" The plaintiff is indebted to the defendant as administrator of the goods and estate of James Adams, Esq., in the sum of two hundred and fifty dollars, by reason of the following agreement, viz. : —

"Hallowell, Oct. 30th, 1847.

" James Adams bought of Argalis Pease the demands, of which the following is a list : —

(List omitted.)

" Amounting to $380,47.

" The above notes, amounting to three hundred and eighty dollars and forty-seven cents, are sold to said Adams at fifty cents on a dollar, without computing the interest on the notes; he has paid me his notes at six, twelve and eighteen months, and interest, and it is mutually agreed, that said Adams shall use all proper exertions in collecting the demands without any cost to said Pease; and if at the end of two years the said Adams has not collected as much from the notes as he has paid, he shall be at liberty to return the said notes and those in executions to said Pease, with an exact account of all sums of money-received before then, and said Pease will pay the balance to said Adams, remaining unpaid, of the said sum of one hundred and ninety dollars and twenty-three cents. And said Adams is at liberty to compromise demands, using a reasonable discretion, and is to account for the money actually received. If said demands are returned and the costs are collected, the said Pease shall account for the costs actually collected, the said Pease being at liberty to compromise the executions, and paying *pro rata* of the sum received for debt and costs.

(Signed)　　　　　　　　" A. Pease."

" I hereby guarantee the fulfilment of the above agreement on the part of A. Pease.

       (Signed)             "John Otis."

*John S. Abbott,* for defendant.

It appears, that the notes sued were given as the consideration for the contract or sale, dated Oct. 30, 1847.

At that time the plaintiff was a partner with Argalis Pease, in this very business, and so continued. He was a partner in the property delivered to defendant's intestate, which was the consideration for the note. He was a partner with Pease in the very notes sued. He, the plaintiff, had full knowledge of the contract, of the consideration of the notes, as shown by the guarantee of the plaintiff upon the contract made at the time the notes were given.

Thus, the plaintiff cannot be regarded as in any better condition than Pease would have been as plaintiff.

Whether this action can be maintained on account of the notes having originated in a contract in violation of law, and particularly in violation of R. S., c. 158, § 16, is submitted to the Court.

2d. It is claimed, that defendant is entitled to defend as to the claims filed in set-off.

The suit was commenced on the 10th of Aug. 1852. The defendant resided in Massachusetts. The writ was served on him Jan. 4th, 1853. On the first day of the succeeding term, the account in set-off was filed. This was a substantial compliance with the requirements of the R. S., c. 115, § 25.

3d. The notes and contract having been made at the same time; Otis and Pease having been partners in that very business; and Otis having guarantied the performance of Pease's contract, with a full knowledge of all the facts, it is contended, that the matters in defence are available, if not strictly in set-off.

The notes and the other contract, under the circumstances, should be regarded as one contract; and they substantially amount to the same as though there was but one contract, and that after the notes, underneath them, and on the same

paper, it was stipulated, that upon certain contingencies, just such as have happened, certain deductions should be made from the amount of the notes. In such case, surely there could be no doubt that the deductions would be made.

In the case at bar, to prevent circuity of action, to avoid a multiplicity of suits, the two papers together should receive the same construction.

In defence, it is proposed to prove all those facts necessary to constitute a good cause of action against Pease, and also against Otis.

Many of the demands proved worthless. Within the time stipulated they were tendered to Pease; every thing has been done and occurred in such way, that if the plaintiff should be permitted to recover in this action, the defendant will be entitled to recover in an action against Pease, or in an action against Otis, the same amount which Otis in this action shall recover against him.

The intestate long ago paid every dollar, which upon a view of the whole contract, the plaintiff or Pease was entitled to.

It would seem quite unnecessary to turn the defendant over to another action, or if need be to two actions, when the matters can and should be adjusted in this suit.

It may not be unsuitable to suggest, that the recent failure of Pease and Otis, makes it the more important for defendant, that this view should be sustained.

Hence, it is contended, if, on inspection of the contract, the plaintiff could maintain the action without any thing proved in defence, that in such case, the action should stand for trial, in order to let in the proposed defences.

*Stinchfield* and *Paine*, for plaintiff.

The action is clearly maintainable. There is no proof that intestate purchased the demands for the purpose of making a profit by suing. Therefore § 16, c. 158, R. S., is not applicable.

The contract and the facts supposed do not make a defence in whole or in part.

There was an absolute sale and transfer by Pease to the intestate. He might elect at the end of two years to return the demands, but he agreed to pay within eighteen months. Pease agreed to receive back the demands not collected at the end of two years, or rather that the intestate would be at liberty to return them. But the intestate was to use all reasonable exertions to collect during this time, and had a right to compromise, using a reasonable discretion. This was therefore a contract for the skill, knowledge and discretion of the intestate. And this skill, knowledge and discretion, the intestate was not permitted to exercise. He died within a year.

It was not provided that the administrator should use his efforts to collect. Pease did not agree to take back and pay for what should remain uncollected under the management of a stranger.

Tenney, C. J.—The payment of the notes in suit was to be made, without reference to any right which the intestate had, under the contract, entered into at the time the notes were given, and they were payable absolutely at maturity. And the plaintiff is entitled to judgment for the amount thereon, unless the defendant can be allowed something upon his claim seasonably filed in set-off, or the notes were for illegal consideration.

The statement of facts and the agreement of parties do not authorize the Court to judge of the intentions of the intestate in making the purchase of the demands of Pease, which were the consideration of the notes in suit, and they cannot therefore determine, whether the contract under which they were purchased, was in violation of R. S., c. 158, § 16.

The plaintiff having been a partner with Pease in the transaction, of which the giving the notes was a part, stands in no better position to resist the claim in set-off, than that which Pease would hold, if he were prosecuting the suit in his own name.

To enable the defendant to test his right to the allowance

of his claim in set-off, it is agreed, that if the Court should be of the opinion that it can be allowed, wholly or partially, upon proof of certain facts, supposed, the case is to stand for trial.

We do not suppose the parties designed in their agreement, that there should be no trial, if some immaterial fact, mentioned as one of the conditions thereof, should be deemed incompetent, provided the other facts stated in the conditions, if proved, would establish the defendant's claim.

Exertions of the defendant, as administrator, in collecting the demands without costs to Pease, could not be proved, as competent evidence. A personal trust was reposed in the intestate, which could not be executed by his representative after his death. But all exertions required by the contract may have been fully made by the intestate; and no further exertions were necessary on his part, if he had lived, to secure the object of Pease. If it were otherwise, the rights of the intestate, if he had not died, would not thereby have been lost, as secured by the contract; and they are preserved to the defendant, as the representative of the estate, in the same manner as they would have been to him.

The right of the intestate to return the demands with an exact account of all sums of money, received before the end of two years, at the expiration thereof to Pease, and thereupon hold him to his promise to pay the balance to said Adams, remaining unpaid of the sum of one hundred and ninety dollars and twenty-three cents, was not made dependent upon the use of proper exertions of the latter in collecting the demands without cost to said Pease. If at the end of two years from the date of the contract, the said Adams had not collected as much from the notes as he had paid, he was to be at liberty to return them, &c. This contract is still subsisting, and if the material facts mentioned in the agreement of the counsel of the parties to the suit can be proved, it is not perceived that any obstacle exists to the allowance of the whole or a part of the claim filed in set-off.

*Action to stand for trial.*

Rice, Cutting, Appleton, and May, J. J., concurred.